Good morning, one and all. We're here to have oral argument in the, is it Talijia? Talijia, wonderful. Please proceed. Good morning, your honors, and may it please the court, Rachel Horton on behalf of petitioner Yigindra Talijia. I'd like to reserve three minutes for rebuttal. Yes, indeed. Go ahead. Thank you. The BIA made two errors below in denying Mr. Talijia's motion to remand. First of all, the BIA did not apply the prima facie standard. Second, it did not credit Mr. Talijia's evidence. Moving to our first argument, the BIA is obligated to ask whether Mr. Talijia presented a prima facie case. In NRA LOG, the BIA clarified that that standard means whether the evidence that existed in the record, in addition to the new evidence, makes it worthwhile to develop the record further at a plenary or hearing. Your briefs seem to take issue with the use of the word overcome. In the BIA's opinion, why can't we read the word overcome as simply shorthand for failing to satisfy the prima facie case? Your Honor, the word overcome cannot do all of the work of the prima facie standard, and here's why. Overcome means to defeat. It means to pit two things against each other, one of which wins out. So here, the BIA member pitted the IJ's initial determination against the new evidence that Mr. Talijia submitted about the horrific rape on his wife. But Mr. Talijia is entitled to the benefit of the credible testimony that he presented in front of the IJ. The IJ found that he had detailed testimony that was corroborated by the documentary evidence that he submitted. And he showed a pattern of death threats from Maoists in Nepal over the course of two years before he fled the country. But here's what I don't understand. As I understand the new evidence, the threats, the rape, the wife reported it, and there was purported inaction. But that was the only contact that I've discerned from the record. Did I miss something? Contact with whom, Your Honor? The police. Okay. The evidence of record that existed in front of the IJ included Mr. Talijia's experience before he left Nepal where his cousin's father-in-law I got the cousin, and I also understood that he expressed a reluctance to go to the police. But I want to make sure that when you say new evidence, the only evidence in the entire record of anyone going to the police is the wife going to the police following the rape on the one occasion. In the entire record, Mr. Talijia's testimony was that after the murder of his cousin's father-in-law, that murder was reported to the police, and the police did not investigate. In the 2015 country conditions report, that recognizes that there were numerous murders and politically affiliated attacks by Maoists that have never been prosecuted. And so Mrs. Talijia's evidence that she reported her rape on the day that it happened, and her friend's letter which was submitted that corroborated that report, is part of the new evidence that was submitted. That was a contact with the police. But there was record evidence that existed about going to the police. In addition, in Piescon Villagras, and I'll give you the citation because I don't think it was in the briefs, which is 671 F3 311, the Third Circuit recognized that acquiescence to violence is satisfied when there is willful blindness by the police. And so here Mrs. Talijia said that the police did not help her. And so to not investigate, to not provide help, that is the type of willful blindness that satisfies a prima facie standard. Are you focused on asylum only? Are you still pursuing remand for purposes of reconsidering or reopening on CAT as well? Yes, Your Honor. What evidence would you have to satisfy that it is a reasonable likelihood, that it's more likely than not, he would face torture as torture is defined or understood in the context of CAT? Because what we have here is episodes towards him which we're familiar with the record on, continued threats based on what was conveyed to his wife during her assault. What is it that we have in front of us from which we could make that conclusion of a reasonable likelihood, or do we even need to? We are not, Mr. Talijia at this stage does not have to demonstrate that he is entitled to relief under CAT. He needs to make a prima facie showing. And so the rape upon his wife certainly qualifies as the type of severe inhuman treatment from one human against another. The grievous nature of this assault qualifies as torture. And the Third Circuit has recognized that violence against family members is one piece of the puzzle that the immigration judge can take into account. So you're relying on the threats, you're relying on the physical attack on the wife as the conduct that would be torture as understood under CAT? Well, we are, the rape is the most, the most, yes, portion of the record. But the malice during the attack said things like, where is that dog who acts against us? The malice in the two years that they called Mr. Talijia's cell phone and called his family and visited his wife's new neighborhood when she fled to a province, the malice has shown that they are willing and able to hold a grudge for a very long time against a Nepali Congress member. What is the connection to the Nepali authorities? As I understand it, the record is as it is with regard to what they've suffered. But what's the proof that the government of Nepal is unable or willing to protect? As I understand it, it may be stark, but it's the one incident when Mrs. Talijia reported the incident to the police and the police did not report it. Did nothing. Am I reading the record correctly about that? So I'm wondering how do we ascribe it? Because some of the cases, the evidence is that the authorities in whatever countries are essentially in cahoots with the activists that are causing the persecution. And I understand why the rulings were in those cases. But here, there seems to be a divergence, right? The Nepali authorities don't appear to be part of it. And in fact, there's some evidence in the record that the Nepali authorities and the malice have in fact been at loggerheads. Well, Your Honor, when the case is remanded to the IJ, he or she would be able to take into account the fact that malice now control the government. And that circles back to Mr. Talijia's experience that malice are part of the police force. Malice sympathizers are part of the police force. And so even if you go in and report a crime and you're not talking to someone who presents themselves as a malice, you could as someone who's experienced a crime, you could be putting yourself in serious jeopardy. Also in the record, Mr. Talijia submitted articles about, for example, the attacks upon school children that happened within the past few years by malice youths. And the spokesman for the police department said, there's really nothing that we can do about that because they just come out and commit this violence and then run away again. And so the threshold is not so high that Mr. Talijia has to prove that the police department is in cahoots. If the police department is unable to control the violence against, pardon me, committed by malice, then Mr. Talijia would be entitled to relief. If the court were to determine that there was a reasonable likelihood of establishing a realistic chance or realistic probability that would entitle him to asylum, would we need to go any further to address the sole order in front of us, which is the request to review the denial of motion for remand? No, Your Honor. We could stay that narrow and grant relief you're seeking? Yes, yes. Thank you. Moving on to the second argument that we presented in the briefs, the BIA panel member, and as an aside, I just want to make sure that the court is aware that this was a non-presidential decision issued by one BIA member. The judge below did not treat Mr. Talijia's evidence as true, and the indications of that are that he asked for additional unnecessary details, such as what did the police say to Mrs. Talijia? What did they do? And in the Diabi case, the Third Circuit recognized that that is not, pardon me, that is a misapplication of the law. Because to require additional details would allow for arbitrary decisions by the BIA, because any lawyer sitting in an appellate panel could come up with dozens of questions when reading through a statement. But the case should be remanded to the IJ who can hold a plenary hearing and hear evidence, hear witnesses, and then make a decision that is more fulsome. So do you, the board's decision says the respondent hasn't presented sufficient evidence. Why can't we read that as saying the board considered not just the new evidence, but all the evidence on the record together? That it was just putting this in context, as opposed to this overcoming notion you mentioned of pitting the new against the old? The Third Circuit has held in numerous cases that the BIA has to show that there is sufficient evidence. It has to show, it has to demonstrate that it heard and understood the petitioner's evidence, not just that it reacted. And so here, I see that my time is almost up. May I finish this? Please do. Here the immigration, pardon me, the BIA member only cited to the new evidence, did not cite to any of the record evidence. It did not cite the governing standard of a reasonable likelihood of success. All right, thank you. We'll hear you on rebuttal. Thank you. Counsel. May it please this Court, my name is Andrew Oliveira on behalf of the respondent, the Attorney General of the United States. The sole issue in this case is whether or not the board abused its discretion in denying the motion to remand, but the evidence submitted did not establish a prima facie standard for the relief sought. How do you respond to your adversary's, one of her last points, which was the BIA did not accept as true the letter, as manifest by its statement that there should have been more detail surrounding the efforts made to contact the police? Does the case law require the BIA have accepted that statement as I contact the police, they didn't respond? Well, this Court has made a distinction between disbelieving and a lack of sufficient details. There are a number of unpublished cases by this Court, which we noted, where the Court has said that you can believe evidence, but find that it's not sufficiently detailed. And here we had both the victim of the assault and her friend. And we have medical records. Medical records as well. Correct. But the issue isn't whether or not the incident occurred. The issue is whether or not the police are unwilling or unable to control the malice. But in the first instance, if you accept the two letters as true, then you don't argue that to the detriment of the petitioner that it wasn't enough. Well, it's specifically to her statement that the police did not help. Without additional details as to why they did not help. You know, it's appropriate for an IJ to ask for more detail. But we're in appellate posture. And it's also appropriate to base a final ruling on weighing all the evidence to come forward. But we're in the posture here of a motion to reopen requiring only a prima facie case. Why is this not all a matter that ought to be determined, you know, later? Because this has been found to be credible. There's nothing facially incredible about it. Why shut the door to investigating this? Well, because the Supreme Court has held that, and they've repeatedly stated, that we cannot simply grant every request for a new hearing. This is not every request. Correct. But there are, the Supreme Court has explained that there are standards that a movement must meet. Well, help us on one specific standard. Why isn't a reasonable chance that the petitioner can at a later time establish that asylum should be granted? Why isn't that met here? You mean why they haven't met the standard for a new hearing? Well, right. I mean, what we're all trying to get at is your position seems to be almost an absolute position. It's like, it's just not here. But the question before us is, is there a reasonable likelihood? Now, when you look at the new evidence and you look at the totality of the evidence, certainly, if there's an opportunity to present this to an I.J., tell us why there wouldn't be a reasonable, a realistic chance. Under this reasonable likelihood rubric, all we're looking at is whether there's a realistic chance that the petitioner can establish that asylum should be granted. The I.J. didn't have this information. You would agree that it is important information. It is potentially game-changing information. Well, certainly with respect to the immigration judges finding that harm did not rise to the level of persecution. Well, doesn't it also address two of the big holes that the I.J. thought that the petitioner didn't satisfy? One was lack of evidence of a non-responsiveness by law enforcement because, at least from the I.J.'s point of view, the petitioner didn't make any reports himself. The second hole was a lack of continued threat. Doesn't this evidence that must be accepted as true demonstrate two things? One, there's a continued threat by virtue of what occurred to the wife and what was said to her during the assault. And second, the wife's representation together with her friends, that they went to the police and the police didn't respond. Doesn't that fill those holes in that the I.J. was most concerned about? And with that in mind, isn't that grounds to send us back to let the I.J. consider that which he thought was deficient? With respect to the question about the continuing threats, the board did not address that. They seem to accept that as true. And the only issue with the motion remand was whether or not the authorities were unable or unwilling to control. And the board's decision is fully consistent with case law that says that just because the police do not make an arrest or even investigate does not prove that they are unwilling or unable to control. So in that respect, the board's decision... But here, right, it's not just one instance, right? You have the petitioner's experience, right, with the cousin's father-in-law, the experience with regard to this incident. It's not just one instance. One moment. And with regard to the threats, I think I counted excluding the wife something like six or seven threats, but he's out of the country and the threats intensify. They don't stop. They intensify. So isn't that something that should be the subject of a hearing? Well, but when he was receiving the threats in Nepal, he never went to the police. And that is evidence that weighs against a finding that the police were unable or unwilling to control. Now we have evidence that is credible that we have to take as true that the wife reached out for help and was rebuffed. It might be, after a hearing, that that evidence would be outweighed or put in context, but you're suggesting no hearing is even needed, that that's not even enough for a prima facie case. And I am skeptical. I'm not sure what you think a prima facie case would look like if it weren't this. I'm not sure what more detail you expect someone to have before the reopening to delve into these details. Well, Your Honor, the board's decision was fully consistent with the case law of this circuit and others regarding both the prima facie standard and the specific finding as to whether or not the government was unable or unwilling to control. The board's decision was the denial of a motion to remand, and they are granted wide discretion in considering all of the evidence submitted, both before the immigration judge and in the motion to remand. Their decision was within the bounds of decisions of this court. They did not act arbitrary. How about let's just focus on the question that was just posed to you, right? If not now, what would be sufficient? So we have the information from the wife. We have the corroboration from the friend. We have to accept that is true. You say that's not enough. Is the fact that you're relying on that they, that the petitioner never went to the police? Help us with what would make it a case where you would say that the prima facie case is met, we have a reasonable likelihood based on showing a realistic chance that the petitioner at a later time could present a sufficient amount? Well, as the board said, there's not one single piece of evidence. They took the totality of the evidence into consideration. But I'm asking you a hypothetical, so I don't care what the board says at the moment, right? What would be sufficient? Well, you would look to the case level where courts have held that the police are unable or unwilling to control. And here we don't have any understanding of why they refused. Did they refuse because she didn't provide them any details on her assailants? Because if you look at her letter, she just simply says they were for use. Now, her friend fills in and says that they are Maoists. But that alone doesn't tell the police, it doesn't, it's a very, if that's what she told the police, that's a very vague and broad description of what they're supposed to be looking for. So without... So you want a better letter? So if there were a better letter, then maybe... Or a letter that provided the details to allow the board to determine whether or not... So if you had a letter that said, I literally went to the desk sergeant equivalent in that country, explained what happened to me, he shook his head no, pointed to the door and told me to leave. That's the level of detail to show refusal? Well, that, I mean, that is... Exactly, we have to go that far. It does need to be detailed enough to allow the court to understand why... You're asking for a level of detail. I took your level of detail to be John Smith, who lives at this address, and registered with the Maoist Party three years ago, and John Jones, who's the deputy vice president of this regional party. And you are expecting this at the stage of the letter to establish a prima facie case, not at the hearing, that it can't be reopened unless this woman foresees what lawyers in America are going to second guess should have been in the letter. It's not even something to be probed into at a hearing. I thought that was the point of the hearing on the motion to reopen. Well, again, the Supreme Court has held that there is a high burden for having a new hearing. Well, having this happen to your wife would appear to me to meet the high burden. I'm confident that the Supreme Court wasn't necessarily thinking of something like this, but this would certainly appear to fall into the category of something that would catch everyone's attention and might require a hearing. It does address one of the aspects that the immigration judge... It does fill in one of the holes, but it doesn't fully address the other hole, which is whether or not the government was unable or unwilling to control. So are you saying to us the only ground the government is now relying on to oppose the petition for review is the evidence was deficient were the acquiescence prompt? The unable and unwilling to control. The acquiescence is with respect to Kat. I understand. Because I think that another thing that complicates the defense you're mounting is we have one cryptic paragraph that appears to misstate the legal standard with this overcome language. Your defense of that is we've had a couple of non-presidential opinions that, you know, the overcome was buried somewhere in the earlier opinion, but it wasn't argued to us, we didn't bless that, and overcome sounds like it's a heavier burden than a reasonable likelihood in the context of all of the evidence. What do you say in response to this argument that, you know, your adversary makes that you've been requiring them to pit the new evidence against the old rather than look at it all in the context of whether there's now a reasonable likelihood? Well, one, I would note that McAllister was published. So and secondly, as to the overcome, it's not pitting one versus the other. It's taking the evidence in the totality. The board specifically did address all of the evidence in the record when it came to that conclusion. You might read that in there, but it's far from obvious that it's there. And I'm looking at McAllister. McAllister doesn't say anything about the overcome language. That was further down in the record, but... But even so, McAllister, as my understanding is, it articulated the, when getting its ruling, ultimately in applying the standard, it actually applied the one that you're advocating our case law states because there was no really new evidence. It was more of the same evidence. And so I know McAllister used the word overcome maybe once, but when you look at it in context, I'm not sure that you can say McAllister has articulated that as the standard. Do you agree to that? Do you agree with that? Overcome is not the standard. Prima facie is the standard. Correct. It's just that this Court and the board have both used overcome in that context. What do you say the standard of review is, standard to be met, sorry, for one who is seeking to reopen or remand based on new material evidence? It's the prima facie standard, which this Court has defined as a reasonable likelihood. And would you agree that that standard has not been applied by the BIA in this case? I would not, Your Honor. I would say that they did, in fact, apply it. They may not have written that phrase, but they did apply it. As we discussed, if you apply what the board did to the standard, it demonstrates that they did, in fact, apply the prima facie standard. Counselor, I think there are a lot of situations in which we would look at the facts and say, yeah, it looks like they're saying there's not a reasonable likelihood here. But you're getting skepticism from all of us because this is not the run-of-the-mill case. There is evidence. It was found credible. And I just wonder at the government's insistence on defending all of this and its credibility in the long term, if it's not willing to say that a well-documented, severe attack on a petitioner's life is not enough to even reopen and that an opinion that doesn't mention the right standard must be construed as having found that there's not even a reasonable likelihood the government wouldn't defend. It just – I'm skeptical about your zeal to defend every jot and tittle of this opinion. I would note my time is up. But to your point, Your Honor, yes, the incident described is horrific. But the asylum standard requires more than just harm rising to the level of persecution. It requires that the authorities be unable or unwilling to control. And on that aspect, the new evidence simply does not meet the prima facie standard. So I just want to clear up one thing for the record. So the hypothetical that Judge Schwartz posed to you, that would be, in your view, sufficient to meet the standard for the purposes of a motion to reopen? She gave you a several. By going to the police station. She just said, no, get right out. Yeah. You'd have to be weighed in context with everything, but that would be. Oh, my. I mean, but with – I understand your point, Your Honor. That would be more detailed and would suggest that the government at least would be able or unwilling to control if they refuse to hear a complaint, yes. Okay. Thank you. If there are no further questions, we ask that this Court affirm the decision of the Board and deny the petition for review. All right. Thanks. Your Honors, the government's attorney said that the BIA opinion mentions the totality of the evidence. And that is not in the opinion. The government may wish to infer that. But the indications here are that the BIA did not consider the totality of the evidence. Second, Mrs. Talesia's letter on JA-356, I believe that the government was saying that because malice are not spelled out on that page, in that letter, that somehow Mr. Talesia is not able to establish a prima facie case. But Mrs. Talesia's friend corroborated her story that she reported the attack by the malice to the police. And Mrs. Talesia also makes multiple references to what the attacker said about, you know, where is your husband? If we can't get him, we'll get you. Who is that dog? Where is he who acts against us? But in the letter, she does mention the malice. Yes. And so that's what I wanted to draw your attention to. On the next page, she mentions that she disclosed to her aunt and her father-in-law about the malice attacking. And so we would argue that that is very unpersuasive and technocratic. The government also is arguing the merits here. Opposing counsel said just because the police didn't make an arrest doesn't prove that the police are unable to control the malice. The immigration judge can make that determination below. But we are, as the court understands, we're at a prima facie stage. And so the court, the government is misconstruing the standard. If there are no- Yeah. There are. I just wanted to get one fact straight. On your first presentation, I believe you said that in one of the country reports that's in the record, it reflects that malice now control the government. Did I mishear you? Yes, Your Honor, and that must have been my fault. The 2015 country conditions report spoke to the lack of prosecutions of malice violence. It is not in the record that malice currently control the government. I just, that would be a big- Okay, very good. Okay, thanks so much. Thank you, Your Honor. Counsel, thank you for a well-argued case. We'll take the matter under advisement.